# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2020

Lyle W. Cayce
Clerk

No. 19-60672

————

ISLAND OPERATING COMPANY, INCORPORATED; LOUISIANA
WORKERS' COMPENSATION CORPORATION,

      Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; HENRY JONES,

      Respondents

————

Petition for Review of an Order
of the Benefits Review Board
BRB No. 19-117

————

Before SOUTHWICK, COSTA, and DUNCAN, Circuit Judges.

GREGG COSTA, Circuit Judge:*

An administrative law judge awarded Henry Jones compensation under the Longshore and Harbor Workers' Compensation Act. Jones's employer, Island Operating Co., appealed that decision to the Benefits Review Board. The Board affirmed. Island Operating appeals again. Once again its challenge fails.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60672

I.

For more than 25 years, Jones worked as a production operator for Island Operating. Throughout that lengthy career, Jones performed manual labor on oilfield platforms in the Gulf of Mexico without suffering serious injury. That changed on September 9, 2016.

Jones began the day unloading boxes of supplies onto his boat. After doing that for several hours, he moved on to another physically demanding task. It involved using "extreme pressure" to dislodge a carbon-fiber tool from the boat's vent separator with an industrial drill. Fifteen to twenty minutes into the exercise, he felt a sudden urge to use the restroom.

Jones handed the drill to his supervisor and rushed upstairs to the nearest toilet. Once there, he had two bloody bowel movements. Jones was "extremely concerned," so he quickly reported the bleeding to his supervisor. Jones did not mention that he felt lower-back and leg pain before he ascended the stairs.

That pain, which fluctuates between moderate and severe, continues to this day. But it took Jones a while to report the pain to his employer or doctors. Five days after the accident, for instance, Jones visited the gastroenterologist's office and said nothing of it. The nurse practitioner there diagnosed him with anal fissures and released him back to work with no restrictions. But Jones did not return to work because he was on scheduled leave for two more weeks. He hoped he would recover in that time.

His hope soon dissipated. Island Operating sent Jones a letter stating that a person with "current or chronic back pain . . . may not qualify" for his labor-intensive job. Jones, realizing he could no longer pass a physical performance test, was afraid that he might lose his job. So he reported his back pain to Stafford Medical, the independent doctors Island Operating uses for pre-employment physicals. Jones also requested twelve weeks under the

No. 19-60672

Family and Medical Leave Act starting September 22. It was not until nearly a month after Jones stopped working that he formally notified Island Operating that he was seeking benefits for a workplace injury.

Jones then went to see Dr. Clark Gunderson, an orthopedist. Dr. Gunderson diagnosed Jones with a ruptured disc. He later testified that it was more probable than not that Jones's symptoms were related to the injuries he sustained on September 9. Dr. Gunderson believed that Jones suffered from "degenerative" changes in his lumbar spine but did not become symptomatic until the September incident. An MRI confirmed the diagnosis. Even so, Jones's insurance did not approve the treatment Dr. Gunderson ordered.

Island Operating also refused to pay Jones benefits because he originally reported only an illness (the bloody stool), not a work-related back injury. The company referred Jones to Dr. Neil Romero for a second opinion. Dr. Romero largely echoed Dr. Gunderson's findings, noting that Jones had a herniated disc. He also confirmed that Jones had "advanced degenerative changes" in his lumbar spine that likely predated the September 9 injury. Dr. Romero was "unsure" whether the injury and pain were caused by Jones's "straining to have a bowel movement" or performing manual labor. But he did think it was "likely related to an incident occurring in either September or October of 2016."

Despite Dr. Romero's opinion, Island Operating still refused to pay Jones benefits. So he pursued administrative remedies. Both an ALJ and the Board found that Jones was entitled to benefits. This appeal followed.

II.

We review the Board's decision under a highly deferential standard, assessing only "whether it has adhered to its proper scope of review—*i.e.*, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." *Ceres Gulf, Inc. v. Dir., OWCP*, 683 F.3d 225, 228 (5th Cir. 2012) (quotations omitted). "Substantial evidence is that relevant

3

evidence—more than a scintilla but less than a preponderance—that would cause a reasonable person to accept the fact finding." *Id.* (quotations omitted).

Jones is entitled to benefits under the Act if a workplace accident aggravated his pre-existing back condition. *Bis Salamis, Inc. v. Dir., OWCP*, 819 F.3d 116, 128 (5th Cir. 2016). Such claims are evaluated under a three-step framework. *Sea-Land Servs. v. Dir., OWCP*, 949 F.3d 921, 925 (5th Cir. 2020). First, Jones must establish a *prima facie* case of causation "by showing that (1) he suffered harm and (2) conditions of the workplace, or an accident at the workplace, could have caused, aggravated, or accelerated the harm." *Id.* (quoting *Bis Salamis*, 819 F.3d at 127). Doing so raises a presumption under section 20(a) of the Act that his injury was "work-related" and that he "is entitled to compensation." *Id.*; *see also* 33 U.S.C. § 920(a).

Jones easily established the presumption. As to harm, the ALJ concluded that "[t]he medical evidence and physician opinions" showed that Jones "suffer[e]d from a herniation in his lumbar spine." For the second element, Drs. Gunderson and Romero both testified that "lifting groceries over a number of hours" and "operat[ing] an industrial drill" could have caused that harm. *Ceres Gulf*, 683 F.3d at 229.

The burden then shifted to Island Operating to rebut the presumption by "presenting substantial evidence that its workplace did not cause or aggravate [Jones's] injury." *Sea-Land*, 949 F.3d at 925. On this point the ALJ and Board disagreed. The ALJ found that Dr. Romero's testimony rebutted the presumption. The Board concluded otherwise. As a result, Jones won at step two with the Board, because an unrebutted presumption that the injury is work-related entitles the worker to benefits. *Bis Salamis*, 819 F.3d at 130 n.9 (citing *Ortco Contractors, Inc. v. Charpentier*, 332 F.3d 283, 287, 290 (5th Cir. 2003)).

No. 19-60672

But the Board went on to alternatively conclude that substantial evidence supported the ALJ's finding of "work-related" injury at step three—the ultimate causation inquiry. *See Sea-Land*, 949 F.3d at 925. That final determination of causation requires the claimant to show by a preponderance of the evidence that his work caused the injury. *Id.*

Because the ALJ and Board both concluded that Jones met his ultimate burden of proof even without the help of the presumption, we need not resolve the "step two" dispute about whether that presumption stayed in the case. *Cf. Nall v. BNSF Ry. Co.*, 917 F.3d 335, 348 (5th Cir. 2019) (assuming that an employer met its obligation at step two of the *McDonnell-Douglas* summary judgment framework for discrimination cases because the plaintiff prevailed on the third-stage question of ultimate causation). Jones is entitled to benefits if substantial evidence supported the ALJ's conclusion that it was "more likely than not that his work on the rig on [September 9, 2016] aggravated his pre-existing [lumbar] condition."

Island Operating's challenge to the ALJ's causation finding mostly attacks Jones's credibility. That means the standard of review resolves the appeal. Island Operating is correct that Jones repeatedly withheld information about his injury. But impeaching a witness's credibility does not automatically require the factfinder to "set[] aside" that testimony as Island Operating argues. Instead, the factfinder gets to weight the impact of that impeachment and choose whether to reject or accept the testimony. *Ceres Gulf*, 683 F.3d at 229. In crediting Jones's testimony, the ALJ did not ignore his credibility problems. To the contrary, the judge acknowledged them in a thorough opinion that explained why he nonetheless concluded the injury was work-related. Medical testimony and records, Jones's testimony, the timing of events, and the nature of Jones's work all support that determination. It is not enough on substantial evidence review for Island Operating to show that the

5

factfinder could have or even should have reached a different conclusion. It has to show that a reasonable factfinder could not have reached the conclusion that it did. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (explaining that substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Because Island Operating has not made that difficult showing, we cannot disturb the ruling that Jones is entitled to workers' compensation.

## III.

Jones seeks attorney's fees given his victory in this dispute. It is unclear if he seeks fees for the full course of proceedings or just those incurred in this appeal. We cannot do anything about fees related to the hearings before the ALJ and Board. The record does not reveal that Jones ever requested fees in those proceedings. *See* 33 U.S.C. § 928(c) (stating that the "Board or court may approve an attorney's fee for the work done *before it*" (emphasis added); *Dir., OWCP v. Black Diamond Coal Mining Co.*, 598 F.2d 945, 953 (5th Cir. 1979) (recognizing that the Benefits Review Board must first rule on a fee request for work before that tribunal). And if we are missing something and he did ask for them without success, then Jones would have needed to cross appeal that ruling. *Compare Alford v. Lubbock*, 664 F.2d 1263, 1272–73 (5th Cir. 1982) (refusing to consider challenge to denial of fee request when appellee did not cross appeal), *with Janvey v. Dillon Gage, Inc.*, 856 F.3d 377, 392 (5th Cir. 2017) (considering a cross-appeal challenging denial of fee request).

We do have authority, however, to award fees incurred in defending the appeal to our court. *See* 33 U.S.C. § 928(c). Jones is entitled to fees because he "successfully prosecut[ed] his claim" after Island Operating refused to pay workers' compensation. *Id.* § 928(a). Jones should file a motion detailing the time his counsel spent on this appeal and the market's hourly rate for such

No. 19-60672

work so we can award a reasonable amount.  *See Bollinger Shipyards, Inc. v. Dir. OWCP*, 314 F. App'x 683, 687 (5th Cir. 2009).

* * *

We DENY Island Operating's petition for review.  We GRANT Jones's request for reasonable attorney's fees incurred in defending this appeal.  The court will determine the appropriate amount of fees after considering Jones's fee request and any response.